FILED

IN THE UNITED STATES DISTRICT COURT 08 FEB 18 AM 11: 49
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

| | | |
|---|---|---|
| GLENN A. FULLER, VERA J. | ) | |
| FULLER, CHARLES S. CURRY, | ) | |
| and NORMA CURRY, on behalf | ) | |
| of themselves and all | ) | |
| others similarly situated, | ) | **CLASS ACTION COMPLAINT** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 8: 00-CV-341-T-17B |
| | ) | |
| BECKER & POLIAKOFF, P.A. | ) | |
| and CHRIS ALAN DRAPER, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

## I.  PRELIMINARY STATEMENT

1.       Plaintiffs Glenn A. Fuller, Vera J. Fuller, Charles S. Curry, and Norma Curry,

on their own behalf and on behalf of the class they seek to represent, bring this action for the

illegal practices of defendants Becker & Poliakoff, P.A. and Chris Alan Draper which include

the contradiction and overshadowing of the validation notice, the false statement of remedies

available to creditors in Florida, and the use of false or deceptive practices in attempting to

collect an alleged debt.   Plaintiffs allege that defendants Becker & Poliakoff, P.A. and Chris

Alan Draper have violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*

("FDCPA"), and the Florida Consumer Collections Practices Act, Fla. Stat. §§559.55 *et seq.*

(hereinafter "FCCPA"), which prohibit debt collectors from engaging in abusive, deceptive,

1


$150 00/ T002996

and unfair practices.  Plaintiffs request that the practices of defendants described below be declared to violate both the FDCPA and the FCCPA and that they and the class members be awarded statutory damages payable by the defendants.

## II.  JURISDICTION

2.      This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k(d) (Fair Debt Collection Practices Act).  Supplemental jurisdiction for all state claims exists pursuant 28 U.S.C. §1367.  Venue in this District is proper because the pertinent events took place here.  Declaratory relief is requested pursuant to 28 U.S.C. §§2201 and 2202.

## III.  PARTIES

3.      Plaintiff Glenn A. Fuller is an individual who resides in Lakeland, Polk County, Florida.

4.      Plaintiff Vera J. Fuller is an individual who resides in Lakeland, Polk County, Florida.

5.      Plaintiff Charles S. Curry is an individual who resides in Stuart, Martin County, Florida.

6.      Plaintiff Norma Curry is an individual who resides in Stuart, Martin County, Florida.

7.      Defendant Becker & Poliakoff, P.A., a Florida professional corporation, is a law firm with various offices located in Florida.  Becker & Poliakoff maintains an office in Tampa, Hillsborough County, Florida.

2

8.    Defendant Chris Alan Draper is an attorney at law with his principal place of business at Becker & Poliakoff, P.A., Maitland Center, 500 Winderly Place, Suite 104, Maitland, Orange County, Florida.

9.    Defendants regularly attempt to collect debts incurred for personal, family, or household purposes from consumers on behalf of creditors such as Deer Creek Phase Two U.D.I. Property Owners Association [hereafter "Deer Creek"].

## IV.  FACTUAL ALLEGATIONS

10.    Correspondence, dated February 24, 1999, on the letterhead of "Becker & Poliakoff, P.A." bearing the signature of Chris Alan Draper was sent to Mr. and Mrs. Fuller seeking to collect an alleged debt due Deer Creek.  Said correspondence is attached as Exhibit A.

11.    Exhibit A was received by Mr. and Mrs. Fuller at their residence in Lakeland, Florida.

12.    Correspondence, dated February 24, 1999, on the letterhead of "Becker & Poliakoff, P.A." bearing the signature of Chris Alan Draper was sent to Mr. and Mrs. Curry seeking to collect an alleged debt due Deer Creek.  Said correspondence is attached as Exhibit B.

13.    Exhibit B was sent in an envelope addressed to "Charles & Norma Curry 5819-2" postmarked March 2, 1999.  Said correspondence is attached as Exhibit C.

14.    Exhibit B was received by Mr. and Mrs. Curry at their residence in Stuart,

Florida.

15.     The alleged debts due Deer Creek were incurred for personal, family, or household purposes, *i.e.* -- maintenance assessments for recreational property.

16.     <u>Exhibits A and B</u> state at numbered paragraph 1 as follows:

> 1. For those who have not paid since 1997 or prior, you must pay the amount of $75.00 for the last quarter of 1997, $360.00 total for the four (4) quarters of 1998, $90.00 for the first quarter of 1999 plus $50.00 for attorney's fees for this collection letter . . . .

17.     <u>Exhibits A and B</u> state at numbered paragraph 2 as follows:

> (2) As a supplement, in the event you wish to terminate your ownership of your UDI interest at Dear Creek Phase Two, the Association will accept a Quit Claim Deed in return for payment of the above owed sums, depending upon your particular circumstances, plus the amount of $200.00 which will cover the cost of this letter as well as the preparation, filing and recording of the enclosed Quit Claim Deed. . . .

18.     <u>Exhibits A and B</u> state at numbered paragraph 3 as follows:

> (3) In the event that you do not choose one of the two above options and communicate that acceptance to the undersigned on or before thirty (30) days from the date this letter is sent, we shall proceed to enforce through the filing of a lawsuit against all delinquent owners. This will result in the incurrence of a substantial amount of attorney's fees and costs, which you are personally liable for and which can also constitute a judgment against any property you own, whether within or without the State of Florida.

19.     In the penultimate paragraph, <u>Exhibits A and B</u> recite the defendants' version

4

of the validation notice of the consumer's rights available "within thirty days after receipt of this correspondence."

20.    Defendants regularly sent letters in the form of Exhibits A and B to consumers.

## V.   POLICIES AND PRACTICES COMPLAINED OF

21.    It is or was the policy and practice of defendants to cause collection letters in the form of Exhibits A and B to be sent to consumers without stating the amount of the debt or take in account amounts paid during 1997 for the last quarter of 1997 or for 1998 or 1999.

22.    It is or was the policy and practice of defendants to cause collection letters in the form of Exhibits A and B to be sent to consumers which contradicted and overshadowed the validation notice by demanding a response "on or before thirty (30) days from the date this letter is sent."

23.    It is or was the policy and practice of defendants to cause collection letters in the form of Exhibits A and B to be sent to consumers stating that the filing of the lawsuit would result in "a substantial amount of attorney's fees and costs, which you are personally liable for and which can also constitute a judgment against any property you own, whether within or without the State of Florida,"

## VI.   CLASS ACTION ALLEGATIONS

24.    This action is brought on behalf of a class defined as (i) all persons to whom letters in the form of Exhibit A or B were sent (ii) in an attempt to collect a debt incurred for recreational property ownership (iii) which were not returned undelivered by the U.S. Post

5

Office.  Subclass A (the FDCPA class) includes those class members who were sent Exhibit A or B during the one year prior to the date of filing this action.  Subclass B (the FCCPA class) includes those class members who were sent Exhibit A or B during the four year prior to the date of filing this action.

25.    Plaintiffs allege on information and belief based on the use of form letters in the form of Exhibits A and B and envelopes in the form Exhibit C providing a number with the consumer's name that the class is so numerous that joinder of all members is impractical.

26.    There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.  The principal issues are:

     a.     Whether Exhibits A and B fail to state the amount of the debt;

     b.     Whether Exhibits A and B contradict and overshadow the validation notice;

     c.     Whether Exhibits A and B falsely represent the legal remedies available to the creditor;

     d.     Whether Exhibits A and B use false representations or deceptive means in an attempt to collect a debt.

27.    Mr. and Mrs. Fuller's and Mr. and Mrs. Curry's claims are typical of those of the class members.  All are based on the same facts and legal theories.

28.    Mr. and Mrs. Fuller and Mr. and Mrs. Curry will fairly and adequately protect

6

the interests of the class.   They have retained counsel experienced in handling actions involving unlawful practices under the FDCPA and FCCPA and class actions.   Neither plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this action.

29.   Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

30.   Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.   The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

b   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VII.   COUNT I -- FDCPA -- CLASS CLAIMS

31.   Plaintiffs incorporate the foregoing paragraphs by reference.

32.   Defendants' violations of the FDCPA with regard to Mr. and Mrs. Fuller, Mr. and Mrs. Curry, and the class members include, but are not limited to, the following:

a.   Failing to state the amount of the debt, in violation of 15 U.S.C. §1692g(a)(1);

b.   Contradicting and overshadowing the validation notice, in violation of

7

15 U.S.C. §§1692g(a) and e(10);

    c.    Falsely representing a remedy available to the creditor, in violation of 15 U.S.C. §1692e(4);and

    d.    Using false representation or deceptive means in an attempt to collect a debt, in violation of 15 U.S.C. §1692e(10).

## VIII.  COUNT II -- FLORIDA CONSUMER COLLECTION PRACTICES ACT

33.    Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

34.    Defendants' violations of the FCCPA include, but are not limited to, the following:

    a.    Claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserting the existence of some other legal right when such person knows that the right does not exist, in violation of Fla. Stat. §559.72(9).

WHEREFORE, Glenn A. Fuller, Vera J. Fuller, Charles F. Curry, and Norma Curry request that judgment be entered for themselves and the class against defendants Becker & Poliakoff, P.A. and Chris Alan Draper as follows:

    a.    Declaratory relief that Exhibits A and B violates the FDCPA and the FCCPA;

    b.    Statutory damages pursuant to 15 U.S.C. §1692k;

    c.    Damages of $500 per class member pursuant to Fla. Stat. §559.77;

d       Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k and

Fla. Stat. §559.77; and

e.      Such other and further relief as the court deems just and equitable.

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY IN THIS ACTION.**


Christopher N. Giuliana                          O. Randolph Bragg
Florida Bar No.  0857424                         Trial Counsel
GIULIANA ASSOCIATES CHTD.                        HORWITZ, HORWITZ & ASSOCIATES
2650 McCormick Drive, Suite 170                  25 East Washington Street, Suite 900
Clearwater, FL  33759                            Chicago, IL 60602
(727) 726-3270                                   (312) 372-8822
(727) 726-4318 (FAX)                             (312) 372-1673  (FAX)


**ATTORNEYS FOR PLAINTIFFS**

9

# EXHIBIT A

LAW OFFICES

# BECKER & POLIAKOFF, P.A.

Maitland Center
500 Winderley Place, Suite 104
Maitland, Florida 32751

Phone: (407) 875-0955  Fax: (407) 875-3401
(800) 232-5379
Internet: http://www.becker-poliakoff.com
Email: bp@becker-poliakoff.com

**Florida Offices**

**Administrative Office**
3111 Stirling Road
Ft. Lauderdale, FL 33312
FL Toll Free: (800) 432-7712

Boca Raton*

Clearwater

Ft. Myers

Hollywood

Melbourne*

Miami

Naples

Orlando

Port Charlotte*

St. Petersburg

Sarasota

Tallahassee

Tampa

West Palm Beach

* *available for consultation*
*by appointment only*

**International Offices**

Beijing,
People's Republic
of China

Prague,
Czech Republic

Bern, Switzerland*

**Reply To:**

**Maitland**

February 24, 1999

**Deer Creek Phase Two UDI Property**
**Owners Association Member**

**Dear Member:**

There are many owners who have not paid their maintenance assessments, many as far back as September, 1997, according to the currently held association records. The developer who previously had operated the Association may have additional records which indicate additional,prior delinquencies however, at this time the Association is attempting to resolve all of these matters and move forward through the following one time offer:

(1) For those who have not paid since 1997 or prior, you must pay the amount of $75.00 for the last quarter of 1997, $360.00 total for the four (4) quarters of 1998, $90.00 for the first quarter of 1999 plus $50.00 for attorney's fees for this collection letter and continue to make your proper payments thereafter. If these amounts, in total are received within thirty (30) days, the Association will take no further action to collect the prior delinquent amounts or to assess or collect for attorney's fees and costs. Your account with the Association will then be completely current through the first quarter of 1999.

(2) As a supplement, in the event you wish to terminate your ownership of your UDI interest at Deer Creek Phase Two, the Association will accept a Quit Claim Deed in return for payment of the above owed sums, depending upon your particular circumstance, plus the amount of $200.00 which will cover the cost for this letter as well the preparation, filing and recording of the enclosed Quit Claim Deed. Please fill in your name(s), listing all names of all of the owners, and make sure that each owner signs before two (2) witnesses and that the owners signature is notarized. Upon receipt of the above sums, as well as the Quit Claim Deed, the Association will mail you confirmation that it has accepted the interest and that your obligation for future assessments and other maintenance obligations has been terminated effective upon the date we receive your Quit Claim Deed and payment.

Deer Creek Phase Two UDI Property
 Owners Association Member
February 24, 1999
Page -2-

(3)     In the event that you do not choose one of the two above options and
        communicate that acceptance to the undersigned on or before thirty (30)
        days from the date this letter is sent, we shall proceed to enforce through
        the filing of a lawsuit against all delinquent owners.  This will result in the
        incurrence of a substantial amount of attorney's fees and costs, which you
        are personally liable for and which can also constitute a judgment against
        any property you own, whether within or without the State of Florida.

*Unless, within thirty days after receipt of this correspondence you dispute the
validity of the amounts due, or any portion thereof, the amount due will be assumed
to be valid.  If you notify this office in writing directed to the undersigned, within the
thirty day period that the amounts due or any portion thereof is disputed, this office
will obtain verification of the amount due and verification will be mailed to you by this
office.  If you dispute the amount due, we would appreciate you submitting any
documentation or evidence that you have in support of your contention that the
amounts due are not correct.*

*This is an attempt to collect a debt and any information obtained will be used
for that purpose.*

Sincerely yours,

CHRIS ALAN DRAPER
For the Firm

CAD:rco

**EXHIBIT B**

*Charles S. + Norma Curry*

# BECKER & POLIAKOFF, P.A.

Maitland Center
500 Winderley Place, Suite 104
Maitland, Florida 32751

Phone: (407) 875-0955  Fax: (407) 875-3401
(800) 232-5379
Internet: http://www.becker-poliakoff.com
Email: bp@becker-poliakoff.com

**Florida Offices**

Administrative Office
3111 Stirling Road
Ft. Lauderdale, FL 33312
FL Toll Free: (800) 432-7712

Boca Raton*

Clearwater

Ft. Myers

Hollywood

Melbourne*

Miami

Naples

Orlando

Port Charlotte*

St. Petersburg

Sarasota

Tallahassee

Tampa

West Palm Beach

*available for consultation by appointment only*

**International Offices**

Beijing,
People's Republic
of China

Prague,
Czech Republic

Bern, Switzerland*

**Reply To:**

**Maitland**

February 24, 1999

Deer Creek Phase Two UDI Property
    Owners Association Member

Dear Member:

There are many owners who have not paid their maintenance assessments, many as far back as September, 1997, according to the currently held association records. The developer who previously had operated the Association may have additional records which indicate additional, prior delinquencies however, at this time the Association is attempting to resolve all of these matters and move forward through the following one time offer:

(1)    For those who have not paid since 1997 or prior, you must pay the amount of $75.00 for the last quarter of 1997, $360.00 total for the four (4) quarters of 1998, $90.00 for the first quarter of 1999 plus $50.00 for attorney's fees for this collection letter and continue to make your proper payments thereafter. If these amounts, in total are received within thirty (30) days, the Association will take no further action to collect the prior delinquent amounts or to assess or collect for attorney's fees and costs. Your account with the Association will then be completely current through the first quarter of 1999.

(2)    As a supplement, in the event you wish to terminate your ownership of your UDI interest at Deer Creek Phase Two, the Association will accept a Quit Claim Deed in return for payment of the above owed sums, depending upon your particular circumstance, plus the amount of $200.00 which will cover the cost for this letter as well the preparation, filing and recording of the enclosed Quit Claim Deed. Please fill in your name(s), listing all names of all of the owners, and make sure that each owner signs before two (2) witnesses and that the owners signature is notarized. Upon receipt of the above sums, as well as the Quit Claim Deed, the Association will mail you confirmation that it has accepted the interest and that your obligation for future assessments and other maintenance obligations has been terminated effective upon the date we receive your Quit Claim Deed and payment.

*CHARLES S. + NORMA CURRY*

Deer Creek Phase Two UDI Property
 Owners Association Member
February 24, 1999
Page -2-

(3)     In the event that you do not choose one of the two above options and
        communicate that acceptance to the undersigned on or before thirty (30)
        days from the date this letter is sent, we shall proceed to enforce through
        the filing of a lawsuit against all delinquent owners.  This will result in the
        incurrence of a substantial amount of attorney's fees and costs, which you
        are personally liable for and which can also constitute a judgment against
        any property you own, whether within or without the State of Florida.

        *Unless, within thirty days after receipt of this correspondence you dispute the
        validity of the amounts due, or any portion thereof, the amount due will be assumed
        to be valid.  If you notify this office in writing directed to the undersigned, within the
        thirty day period that the amounts due or any portion thereof is disputed, this office
        will obtain verification of the amount due and verification will be mailed to you by this
        office.  If you dispute the amount due, we would appreciate you submitting any
        documentation or evidence that you have in support of your contention that the
        amounts due are not correct.*

        *This is an attempt to collect a debt and any information obtained will be used
for that purpose.*

                        Sincerely yours,

                        CHRIS ALAN DRAPER
                        For the Firm

CAD:rco

**EXHIBIT C**





Charles & Norma Curry 5819-2
5815 SE. Federal Hwy.
Stuart, FL. 34997-7869

34997+7869

LAW OFFICES
**BECKER & POLIAKOFF, P.A.**
Maitland Center
500 Winderley Place, Suite 104
Maitland, Florida 32751